UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA CIARAMITARO,

    Plaintiff,

v.

                            Case No. 13-cv-10268
                            HON. GEORGE CARAM STEEH

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.

_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS (DOC. # 7)

This case was assigned to this court as a companion to the case of Ciaramitaro v. Unum Life Ins. Co. of America, Case No. 09-13492, with respect to which the Sixth Circuit has recently affirmed this court's judgment in all respects with the exception of its award of attorney fees. The Sixth Circuit summarized that case as follows:

> Plaintiff Tamara Ciaramitaro sued her employer, Defendant Greektown Casino, and the benefits administrator of her long-term disability plan, Defendant Unum Life Insurance, for benefits that she claimed that she was owed under the ERISA-covered long-term disability plan. After initially remanding Plaintiff's claim to Unum, the district court affirmed Plaintiff's benefits award, which had been offset for benefits that Plaintiff had received through worker's compensation and Social Security.

Ciaramitaro v. Unum Life Ins. Co. of America, No. 12-1859 (get WL cite) at *1.

The instant case addresses Ciaramitaro's entitlement to benefits Unum calls "Waiver of Life Premium benefits." These benefits were addressed in a plan in which Ciaramitaro participated as an employee of Greektown Casino:

-1-

>LIFE INSURANCE
>
>Premium payments are required for an insured while he or she is disabled under this plan.
>
>  * * *
>
>PREMIUM WAIVER
>
>Unum does not require premium payments for an insured employee's life coverage if he or she is under age 60 and disabled for 180 days. Proof of disability, provided at the insured employee's expense, must be filed by the insured employee and approved by UNUM.

(Doc. # 7-2 at 10.)

Unum asserts that plaintiff filed three different claims for benefits in 2003: (1) for Short Term Disability benefits; (2) for Long Term Disability benefits; and (3) for Waiver of Life Premium benefits. This initial application does not appear to be a part of the record. These claims were all denied initially and upon review by Unum. Unum informed Ciaramitaro of its denial of her administrative appeal by letter, dated August 25, 2004. The letter began by informing Ciaramitaro's counsel that:

>We have completed the appellate review of your client's claims for Short Term Disability, Long Term Disability and the waiver of Life Insurance Premium. We regret to inform you we find the denial decisions to be appropriate.

(Doc. # 7-3 at 2.) The letter specifically referred to Ciaramitaro's claims for short term disability, long term disability, and waiver of life premium benefits, and assigned a number to each separate claim.

Following the August 25, 2004 denial letter, Ciaramitaro filed a 2005 civil action in federal court, which was dismissed. She then filed civil action 09-13492, alleging her entitlement to long-term disability benefits, specifically referencing Policy Number

-2-

568910-032.  Defendants assert that "[p]laintiff's complaint in the prior action asserted no claim concerning Unum's denial of Waiver of Life Premium benefit under Policy Number 568910-001."  This statement refers to the fact that Ciaramitaro did not include any specific language in her complaint about the waiver benefits, while she did specifically include language about long-term disability benefits.  As noted above, the matter was remanded to Unum, and Unum ultimately made an award of long term disability benefits to Ciaramitaro, which it communicated in a letter to her dated April 13, 2011.  This court entered final judgment in the 2009 action on June 6, 2012, from which Ciaramitaro appealed to the Sixth Circuit.

Defendant argues that *res judicata* applies to bar the claim in the current lawsuit, for the reason that Ciaramitaro had been informed of Unum's denial of the waiver of life premium benefits, yet did not include a claim concerning such denial in her claims in federal court.  Alternatively, defendant points to the contractual 3 year limitation period contained in the group insurance policy containing the waiver of life premium benefit, arguing that Ciaramitaro's action is barred under that limitation period.  Noting that the instant action was not filed until 2013, defendant argues that the 3 year period actually served to bar this claim as of 2007, 3 years after Unum's appellate review/denial in August 2004.

In response, plaintiff also points to the language of the Group Life Insurance Plan, which states the following concerning the premium waiver:

Premium Waiver

> UNUM does not require premium payments for insured employees' life coverage if he or she is under age 60 and disabled for 180 days.

> Proof of disability, provided [at] the insured employee's expense, must be filed by the insured employee and approved by UNUM.

(Doc. # 7-2 at 10.) Ciaramitaro contends that she met these requirements after April 13, 2011, which is the date UNUM voluntarily awarded Ciaramitaro her long-term disability benefits. She emphasizes that this occurred without court adjudication, as upon remand Unum consented to this resolution of her claim. In this vein, Ciaramitaro argues that this court did not come to a final decision on the merits in the 2009 case, as it never adjudicated Ciaramitaro's disability. Therefore, she argues, even the first element of *res judicata* (final decision on the merits) is not met.

The court is in agreement with Ciaramitaro's argument on the issue of *res judicata*. While the judgment in the prior case was most certainly a final decision on the merits with respect to the long term benefits issue, Ciaramitaro had not had notice of Unum's denial of life premium waiver benefits at least until the time she was awarded disability benefits in April 2011. It appears to the court that Ciaramitaro would have been justified in assuming the waiver benefits were part and parcel of the long term disability benefits under the language of the policy. In fact, when the court questioned defense counsel at oral argument about whether the life insurance premium waiver is automatic upon an award of long term disability benefits, counsel conceded that if the determination had been in Ciaramitaro's favor at the outset, he didn't think any additional showing would have been required to secure the waiver benefit. For this reason, the court is not convinced by Unum's contrary argument that the waiver is a "separate and independent" benefit, requiring a separate claim. Ciaramitaro's citation to Rawe v. Liberty Mutual, 462 F.3d 521, 529 (6th Cir. 2006) lends support to this

argument.  In fact, it appears to the court that Unum relies heavily on *its own denial letter* to make this showing, which the court does not find overly persuasive on the issue.

Concerning the three year limitations period, Ciaramitaro contends that she had "no legal recourse to pursue the life insurance waiver for premium benefits until after UNUM awarded her benefits on April 13, 2011." (Ciaramitaro's Response Brf. at 1.) Ciaramitaro points to the policy language concerning UNUM's requirement that it "approve" her claim prior to waiver of life insurance premiums, and argues this did not occur until April 2011.  As she convincingly asserts in her response brief:

> Ciaramitaro, after the 180 day elimination period ended (180 days after April 11, 2011, or October 13, 2011), made inquiries as required on her previous employer and UNUM for information regarding the status of her life insurance policy.  When she did not receive any information, she turned to the State of Michigan for help.  After exhausting all of her administrative remedies, it was only then that she pursued litigation in this Court.  The administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in Federal Court (citation omitted).  Ciaramitaro could not have brought any claim against UNUM until she exhausted her administrative remedies by requesting confirmation of her insurance benefit premium waivers, which she did after the contractual waiting period terminated on October 13, 2011.

(Ciaramitaro's Response Brief at 10.)  Further, as Ciaramitaro's counsel has argued, Unum's voluntary award to Ciaramitaro in 2011 was based at least in part on new information.  The court cannot find that the limitations period began any sooner than April 2011.  She therefore had until April 2014 to bring this action.  For this reason, the court declines to apply the limitation period to bar Ciaramitaro's claim.

As the court views this case, it appears extremely likely that Ciaramitaro initially pursued all of her available benefits together in a general request.  Just because Unum

then assigned each available benefit a different "claim number" in its denial letter does not indicate to the court, *ipso facto*, that Ciaramitaro either (1) failed to apply for the waiver benefit initially (clearly she did not fail to do so, since Unum specifically denied it), or (2) that her 2009 district court action (which the court notes also included some general language) did not include a claim for such waiver benefits. After all, under the plan, applying for the income replacement benefits brought the other with it automatically, and a participant was not eligible for one (waiver benefits) without the other (LTD benefits).

For these reasons, defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

Dated: June 24, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 24, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk