UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAMARA CIARAMITARO,

    Plaintiff,

                                    Case No. 13-cv-10268
v.                              HON. GEORGE CARAM STEEH

UNUM LIFE INSURANCE
COMPANY OF AMERICA,

    Defendant.
_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT (DOC. # 17)
AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR ATTORNEY FEES, COSTS, AND EXPENSES (DOC. # 21)

This case was assigned to this court as a companion to the case of Ciaramitaro v. Unum Life Ins. Co. of America, Case No. 09-13492, which was summarized by the Sixth Circuit as follows:

> Plaintiff Tamara Ciaramitaro sued her employer, Defendant Greektown Casino, and the benefits administrator of her long-term disability plan, Defendant Unum Life Insurance, for benefits that she claimed that she was owed under the ERISA-covered long-term disability plan. After initially remanding Plaintiff's claim to Unum, the district court affirmed Plaintiff's benefits award, which had been offset for benefits that Plaintiff had received through worker's compensation and Social Security.

Ciaramitaro v. Unum Life Ins. Co. of America, 2013 WL 3817404 at *1.

The instant case addresses Ciaramitaro's entitlement to benefits Unum calls "Waiver of Life Premium" benefits. This is a benefit Ciaramitaro had in conjunction with her long-term disability benefits as an employee of Greektown Casino. However, these "waiver" benefits were not awarded as a part of the 2009 case. Thus, Ciaramitaro filed

the instant case seeking the benefits, which have been restored to Ciaramitaro during the pendency of this case. Ciaramitaro now requests judgment and attorney fees pursuant to 29 U.S.C. § 1132(g)(1), which allows this court to award reasonable attorney's fees and costs at its discretion. The court heard argument on these motions on December 12, 2013. As Ciaramitaro has received the benefit she sought in this litigation, the court will enter judgment for the plaintiff. Its discussion of fees, costs, expenses, and penalties is below.

As stated in the court's order awarding attorney fees in the 2009 case, a party in an ERISA action may be entitled to attorney fees if it achieves "some degree of success on the merits." Hardt v. Reliance Standard Life Insurance Co., 130 S.Ct. 214 (2010). Additionally, application of the traditional five-factor Secretary of Department of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985), test in deciding whether to award attorney fees remains appropriate. See Hardt, 130 S. Ct. at 2158, n.8, McKay, 428 F. App'x at 546.

The first King factor, which requires the court to assess the degree of Unum's culpability or bad faith, does not have significant weight here. Unum considered the benefits sought to be independent of those restored as a part of the 2009 action. Unum then made what the court considers to be a good-faith motion to dismiss consistent with that position. Following the court's disposition of that motion, Unum acted fairly promptly in restoring plaintiff to waiver of premium status. While plaintiff asserts that defendant's communications were not satisfactory, the court also notes that neither party was employing its best efforts on the communication front.

Regarding the second King factor, the opposing party's ability to satisfy the award, there is no dispute concerning the parties' relative financial situations.

The third factor is the deterrent effect of an award on other persons similarly situated.  On the one hand, the unique aspects of this particular case make this factor inapplicable.  However, to the extent a plan administrator could look to an award of attorney's fees in this case to encourage better examination of the policies at issue, as well as better communication, the court gives this factor a small amount of weight.

The fourth and fifth King factors are "(4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan; and (5)  the relative merits of the parties' positions." Foltice v. Guardsman Prods., Inc., 98 F.3d 933, 936-37 (6th Cir. 1996) (citing King, 775 F.2d at 669).  In this matter, the court cannot find that plaintiff sought to confer any common benefit on plan participants.  However, like the 2009 case, the award of the waiver benefit was voluntary, but only after the merits of the parties' positions were assessed in the court's opinion denying defendant's motion to dismiss.  Again, the court is of the opinion that Unum restored the life insurance benefit only because the lawsuit in this case was filed, which deserves consideration in this determination.

Plaintiff requests attorney fees totaling $19,188.75, as well as costs and expenses of $516.34.  Additionally, plaintiff asserts that penalties under ERISA, 29 U.S.C. § 1132(c)(1)(B), are appropriate in this case.  The court will address these issues in turn.

Considering the court's determination on the factors above, only a portion of the requested fees will be awarded.  The court has a unique understanding of the issues and parties in this case, and is convinced that in excess of half of the fees requested in this case could have been avoided with better communication.  Given the unique

circumstances of this case, conferences–with the assistance of the court as necessary–would have been a far more effective way to bring this case to a conclusion. Instead, especially toward the end of the litigation, plaintiff's counsel chose to engage in unnecessary motion practice. While counsel was under pressure from his client to file these motions, the burden of resulting fees should not be borne by defendant.

Accordingly, the court has carefully reviewed the nine invoices from Sullivan and Leavitt attached to plaintiff's motion. The rate charged by plaintiff's counsel, $225 per hour, is reasonable for this work.

The court will award $1,000 from the February 2013 invoice, rather than the $1,425 billed in fees, for the reason that the court finds the time billed (6.25 hours) excessive for filing a complaint and three conference calls with the plaintiff. The issues could have been easily grasped by plaintiff's experienced counsel, and relayed to his client, in the close to 4.5 hours represented by a bill of $1000. The fees of $510.87 reflected on the March 11, 2013 invoice appear acceptable, as do those in the April invoice of $1,800. The May 10, 2013 invoice includes fees of $5,437. This invoice lists over 20 hours responding to Unum's motion to dismiss, an amount of time the court finds excessive. The court will subtract 10 hours of fees from this amount, and award $3,187 for this invoice. Similarly, the court finds the June 10, 2013 invoice to include more time than the court finds reasonable for the work listed there. Accordingly, the court will award 3 hours of billable time for the work performed in connection with reviewing defendant's reply brief on the motion to dismiss, and preparing for the hearing. The court will also award one hour of time for conferencing with plaintiff, as well as the time listed for attending the hearing. This comes to 6.5 hours, or $1,462.50.

The July ($431.25) and August ($675.00) invoices appear to the court to be reasonable. September's invoice, however, includes counsel's time preparing plaintiff's motion to compel, for which the court will not award fees. The court will award only two hours of billable time on this invoice; one hour for conferences with plaintiff, and one hour for review of the administrative record and conference with defendant's counsel. The court will therefore award $450 on this invoice. Similarly, the court finds that the fees billed on October's invoice, which includes time working on the motion to compel, motion for sanctions, and motion for judgment, to be largely unnecessary. The court will award a total of one and one-half hours on this invoice ($337.50), largely for conferences with the client.

Accordingly, the billed time the court finds reasonable to award in attorney fees in this matter comes to a total of $9,854.12. Additionally, the court will award the cost for the filing of the complaint, $350, but no additional expenses.

Finally, the court will deny plaintiff's request for penalties under 29 U.S.C. § 1132(c)(1)(B). This provision allows a court to penalize an ERISA administrator who refuses to comply with a request for information the administrator is required to furnish to plan participants or beneficiaries within 30 days of such request. Clearly it was Unum's position that plaintiff was not covered under the life insurance plan. After the court's ruling on the motion to dismiss, Unum elected to provide the coverage. As noted above, the court has not found this to be a bad faith position and does not find that the provision applies in this case. Moreover, even if the court had the discretion to apply the penalty provision in this situation, it would not do so under the unique circumstances of this case.

For the reasons given above, the court hereby grants plaintiff's motion for judgment, and will enter judgment for plaintiff. The court further grants in part and denies in part plaintiff's motion for attorney fees, costs, and expenses. As set forth above, attorney's fees are awarded in the total amount of $9,854.12, and costs are awarded in the amount of $350.

**IT IS SO ORDERED**.

Dated:  January 29, 2014

                              s/George Caram Steeh
                              GEORGE CARAM STEEH
                              UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 29, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk